T.C. Summary Opinion 2002-1

UNITED STATES TAX COURT

JAMES & MARILYN WADNIZAK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6443-00S.              Filed January 14, 2002.

James Wadnizak, pro se.

<u>Daniel J. Parent</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $4,731 for the taxable year 1995.

The issue for decision is whether petitioners are entitled to a disabled access credit under sections 38 and 44.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Brentwood, California, on the date the petition was filed in this case.

Petitioner husband (petitioner) purchased a panoramic x-ray machine in 1995 for use in his general dentistry practice at a cost of $16,012.75. The new x-ray machine replaced and updated another panoramic x-ray machine which petitioner had purchased in 1969, but which was still fully functional. The new machine occupied substantially less space than the old machine, and, because of limited space in petitioner's office, the new machine allowed petitioner to x-ray patients who were in wheelchairs or who used crutches or walkers. In addition to the new panoramic x-ray, petitioner also had two periapical/bitewing x-ray machines purchased in 1980 and 1982. Petitioner admitted at trial that, although he purchased the new panoramic x-ray machine because of its ability to treat disabled patients, the other two x-ray machines had been adequate in the past to meet the needs of his

disabled patients without resort to the replaced panoramic x-ray machine.

On petitioners' joint Federal income tax return for taxable year 1995, petitioners claimed a $4,731 disability access credit for the x-ray machine under sections 38 and 44. Petitioners also claimed a $16,012 deduction for the x-ray machine on the Schedule C, Profit or Loss From Business, filed for petitioner's dentistry practice. The deduction was claimed pursuant to an election made by petitioners to expense the full purchase price of the x-ray machine under section 179(a).[1]

In the statutory notice of deficiency, respondent's sole adjustment was the disallowance of the disabled access credit. Respondent did not disallow the section 179(a) expense deduction.

Subject to various limitations, an eligible small business is entitled to a disabled access credit for eligible access expenditures for the taxable year. Secs. 38, 44. The amount of the disabled access credit is determined under section 44 and is allowed as a general business credit under section 38. In general, expenditures made to comply with the Americans With Disabilities Act of 1990 (ADA), Pub. L. 101-336, 101 Stat. 327, are eligible access expenditures. See sec. 44(c)(1); Fan v. Commissioner, 117 T.C. 32 (2001). Taxpayers are prohibited from

---

[1]Petitioners also filed an amended return for taxable year 1995. The changes made by this return are not relevant to this case and are reflected in the statutory notice of deficiency.

gaining a benefit from the same expenditure both for a disabled access credit and for another deduction or credit: "In the case of any amount of the credit determined under this section * * * no deduction or credit shall be allowed for such amount under any other provision of this chapter." Sec. 44(d)(7)(A).

A taxpayer may elect to expense, rather than capitalize, certain property used in a trade or business. Sec. 179(a), (c). The election must be made on the taxpayer's first income tax return for the taxable year to which the election applies. Sec. 179(c)(1)(B); sec. 1.179-5(a), Income Tax Regs. Once made, the election is irrevocable and binding upon the taxpayer unless revoked with the consent of the Commissioner. Sec. 179(c)(2); sec. 1.179-5(a) and (b), Income Tax Regs. Taxpayers are prohibited from gaining a double benefit from a section 38 credit: "No credit shall be allowed under section 38 with respect to any amount for which a deduction is allowed under subsection (a)." Sec. 179(d)(9). The regulations similarly provide that "If a taxpayer elects to expense under section 179, no section 38 credit is allowable for the portion of the cost expensed." Sec. 1.179-1(g), Income Tax Regs.

Section 179 and the regulations thereunder control in this case. Petitioners elected to expense the entire purchase price of the x-ray machine on their 1995 tax return and were allowed a deduction in the full amount of its cost. They consequently are

not entitled to a credit under sections 38 and 44 for any portion of its cost.  Sec. 179(d)(9); <u>King v. Commissioner</u>, T.C. Memo. 1990-548; sec. 1.179-1(g), Income Tax Regs.  At trial, petitioners conceded that entitlement to the credit would mean that they are not entitled to the full amount of the deduction. This concession presupposes the argument that petitioners could "disclaim" the deduction in favor of the credit even though they made a section 179(c) election.  This is not the case, however, because the election is irrevocable and binds petitioners.  Sec. 179(c)(2); <u>King v. Commissioner</u>, <u>supra</u>;[2] sec. 1.179-5(a) and (b), Income Tax Regs.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u><br><u>for respondent</u>.

---

[2]Although we need not delve into the details of whether petitioners otherwise would have been entitled to the disabled access credit, we note that petitioner admitted that he had been able to adequately treat his disabled patients without access to a panoramic x-ray machine.  See <u>Fan v. Commissioner</u>, 117 T.C. 32, 38-39 (2001) (taxpayers were not entitled to a disability access credit in part because of already existing compliance with the ADA).